UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Maria Dolores Buck, | |
| Plaintiff, | Case No. 24-CV-10 |
| v. | PLAINTIFF DEMANDS TRIAL BY JURY |
| Jet Specialty, Inc. | |
| Defendant. | |

## COMPLAINT

Plaintiff Maria Dolores Buck ("Plaintiff"), by her attorneys, James M. Dore and Justicia Laboral LLC, complains against Jet Specialty, Inc. ("Defendant" or "Jet Specialty"), and in support of this Complaint, states:

### Jurisdiction and Venue

1. This is an action for sexual harassment and hostile work environment, and it is brought under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. § 1981a, the Civil Rights Act of 1866 as codified by 42 U.S.C. § 1981; and the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 et seq. (1983).

2. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the laws of the United States, specifically Title VII, 42 U.S.C. 2000e, and 42 U.S.C. 1981; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

3. This case involves claims for sexual harassment, gender discrimination and hostile work environment, and all complained of conduct occurred in Corpus Christi, Texas.

## Parties

4.      Plaintiff Maria Dolores Buck is a female, who currently resides in Portland, Texas. Plaintiff is of Mexican descent and has a Latino racial designation. She was formerly employed by Defendant.

5.      Defendant Jet Specialty, Inc. is a domestic limited liability company, duly registered and licensed to do business in the State of Texas. Defendant is a supplier of fabricated equipment, instrumentation, and electrical components for the oil and gas industry. It operates a facility at 933 Leopard St., Corpus Christi, TX, 78409.  Defendant Jet Specialty, Inc. employs in excess of 20 individuals, and thus it is a covered employer under Title VII.

## Exhaustion of Administrative Remedies

6.      On September 30, 2022, Plaintiff filed charges of discrimination with the EEOC, Charge No. 451-2022-03803 against Defendant Jet Specialty, Inc., alleging sexual harassment and hostile work environment. *See* Exhibit A.

7.       Plaintiff received a Notice of Right to Sue from the EEOC on December 26, 2023. *See* Exhibit B.  Plaintiff filed this Complaint within ninety (90) days of receipt of the aforementioned notices from the EEOC.  Plaintiff has fully complied with all prerequisites to jurisdiction to this Court under Title VII and the Texas Commission on Human Rights Act (TCHRA).

## Statement of Facts

8.      On or around August 3, 2021, Plaintiff was hired by Defendant Jet Specialty. While working there, Plaintiff has suffered a hostile working environment where she was sexually harassed. At all relevant times, Plaintiff was employed by Defendant as a painter.

9. Enrique Ruiz was an employee of Defendant Jet Specialty, Inc., and Plaintiff's supervisor. Since she started working at Defendant, Plaintiff was subjected to a hostile working environment, gender discrimination, and was sexually harassed by her supervisor, Mr. Ruiz.

10. Beginning on or around October 2021 Mr. Ruiz, on a daily or near daily basis, would rub his elbow across Plaintiff's chest in a sexual manner whenever they would cross paths in Defendant's yard. This physical contact by Enrique Ruiz towards Plaintiff was always against her wishes. Plaintiff's refusal and complaints were met by Mr. Ruiz threatening Plaintiff and telling her that she was no one in the company compared to him. Mr. Ruiz further told Plaintiff that the Company's owner didn't care and that he wasn't going to do anything because he was the supervisor, and they would believe him more than her.

11. This behavior by Plaintiff's supervisor continued uninterrupted since no one in Defendant Jet Specialty, Inc. took remedial action. On the contrary, Mr. Ruiz's sexual harassment conduct became more aggressive, since he later he started using his hands and fingers to grab Plaintiff's chest. This sexual harassment conduct, which was continuously made by Mr. Ruiz during Plaintiff's employment at Defendant Jet Specialty, Inc., was so severe and pervasive that Plaintiff's work environment became hostile and stressful. This pattern of sexual harassment continued uninterrupted until on or about March 2022.

12. Throughout this entire time Enrique Ruiz would threaten to fire Plaintiff whenever she complained or threatened to complain. Mr. Ruiz would continually make comments to Plaintiff about wanting to see her naked, of wanting to have sex with her and of wanting to touch her breasts. This severe and pervasive behavior by Mr. Ruiz scared and stressed Plaintiff, who had no alternative but to tolerate this harassment out of fear for losing her job.

13. Further, whenever Plaintiff would refuse Mr. Ruiz's sexual advances, he would call

Plaintiff "useless". Mr. Ruiz would then burden Plaintiff with more work and tell her she was too old to do the job. Not only would Mr. Ruiz verbally insult Plaintiff, but he also would throw things at her.  Other male co-workers would also make fun of Plaintiff as she was the only female in that work area. All this harassment and mistreatment at Defendant Jet Specialty would drive Plaintiff to cry.  Plaintiff would continually text her daughter telling her about the severe and pervasive abuses she was being subjected to during her tenure at Defendant Jet Specialty, Inc.

14.     In or around April 7, 2022, Mr. Ruiz suspended Plaintiff from a work project she was involved in for 3 days without pay. He insulted Plaintiff telling her that Defendant Jet Specialty, Inc. had "great attorneys".  Plaintiff was desperate against this unjustified move by Mr. Ruiz and Plaintiff screamed at Mr. Ruiz, to which he responded that Plaintiff is "doing everything wrong" that she is "an idiot" and has "no value". Several of Plaintiff's co-workers, Juan Castro, Salvador, Luis Sanchez, and Marco Garcia saw this interaction.

15.     On that same day Plaintiff went to the Human Resources Department and reported everything to Roberto Martinez (HR director). Mr. Martinez told Plaintiff they would investigate and told her to go home and take Thursday and Friday off.

16.     Unexpectedly for Plaintiff, on Friday, Mr. Martinez informed her that she was terminated, and that they were not going to help her because she was not essential to Defendant Jet Specialty, Inc. Mr. Martinez further told Plaintiff that they needed Enrique Ruiz more than her because Plaintiff was a woman and that they did not want her in the Company.

17.     Defendant unlawfully discriminated against Plaintiff because of her sex and allowed a hostile work environment where she was sexually harassed.

18. Defendant created and maintained a hostile work environment for Plaintiff where she was sexually harassed. As Plaintiff's employer, Defendant did not do anything to prevent and/or stop the sexual harassment which Plaintiff was subjected to during her employment.

19. As a result of Defendant's actions, Plaintiff felt humiliated, degraded, victimized, embarrassed and emotionally distressed, and nothing was ever done.

## COUNT I
## SEXUAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII

20. Plaintiff realleges paragraphs 1 through 19 as though fully set forth herein.

21. Title VII of the Civil Rights Act of 1991, 42 U.S.C. §2000(e), et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

22. Physical or verbal unwelcome sexual conduct by an individual of a quid pro quo nature or that has the purpose or effect of creating an intimidating, hostile, or offensive work environment, is actionable under Title VII of the Civil Rights Act of 1991.

23. Defendant failed to take proper preventive, corrective, or remedial action to protect Plaintiff from sexual discrimination and harassment or to remedy the discrimination and harassment she suffered. In addition, Plaintiff suffered an adverse employment action as a result of the discrimination and sexual harassment by way of her termination.

24. By its conduct as alleged herein, Defendant subjected Plaintiff to sexual discrimination and harassment in violation of Title VII of the Civil Rights Act of 1991.

25. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sexual discrimination and harassment.

26. As a direct and proximate result of Defendant's actions and omissions, Plaintiff suffered injuries, including but not limited to: extreme anxiety, humiliation, embarrassment, severe emotional

distress and anguish, lost back wages, lost front wages, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and that it:

a) Declare that Defendant's conduct was in violation of Title VII of the Civil Rights Act as amended;

b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendant's unlawful conduct;

c) Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d) Award Plaintiff damages for emotional distress and compensatory damages;

e) Award Plaintiff punitive damages;

f) Award Plaintiff reasonable attorney's fees, costs, and disbursements;

g) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;

h) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

i) Award Plaintiff any and all other relief as the Court deems just in the premises.

<u>**COUNT II**</u>
<u>**SEXUAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT (TCHRA)**</u>.

27. Plaintiff realleges paragraphs 1 through 26 as though fully set forth herein.

28.  The Texas Commission on Human Rights Act makes it unlawful for an employer, an employee, or any agent of an employer to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

29.  Physical or verbal unwelcome sexual conduct by an individual of a quid pro quo nature or that has the purpose or effect of creating an intimidating, hostile, or offensive work environment, is actionable under the TCHRA.

30.  By their conduct as alleged herein, Defendant subjected Plaintiff to sexual discrimination and harassment in the workplace and a sexually hostile and offensive work environment.

31.  Defendant failed to take proper preventative, corrective, or remedial action to protect Plaintiff from sexual discrimination and harassment or to remedy the discrimination and harassment she suffered.

32.  Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from sexual discrimination and harassment.

33.  As a direct and proximate result of Defendant's actions and omissions, Plaintiff suffered injuries, including but not limited to: extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and damage to her career, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:

a)  Declare that Defendant's conduct was in violation of the Texas Commission on Human Rights Act;

b)  Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendant's unlawful conduct;

c)  Award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d)  Award Plaintiff damages for emotional distress and compensatory damages;

e)  Award Plaintiff reasonable attorney's fees, costs, and disbursements;

f)  Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g)  Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

h)  Award Plaintiff any and all other relief as the Court deems just in the premises.

**/s/James M. Dore**
*Attorney for Plaintiff*

Jame M. Dore
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-415-4898
jdore@justicialaboral.com

EXHIBIT A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
- [ ] FEPA
- [x] EEOC

Agency(ies) Charge No(s): **451-2022-03803**

and EEOC

Texas Workforce Commission
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| MARIA DOLORES BUCK | 956-777-3238 | 06/27/1981 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1601 Moore Ave., #2002 | Portland, TX 78374 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| JET SPECIALTY, INC. | | 361-299-1711 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6933 Leopard St., | Corpus Christi, TX 78409 |

DISCRIMINATION BASED ON (Check appropriate boxes.)
- [ ] RACE
- [ ] COLOR
- [x] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [ ] RETALIATION
- [ ] AGE
- [ ] DISABILITY
- [ ] GENETIC INFORMATION
- [x] OTHER (Specify) Hostile Work Environment and Sexual Harassment

DATE(S) DISCRIMINATION TOOK PLACE
Earliest / Latest
- [ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

## SEE ATTACHED ADDENDUM

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

9/30/2022 — *Maria D Buck*
Date / Charging Party Signature

NOTARY – When necessary for State or local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*Maria D Buck*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
September 30, 2022

KASEY SAMANTHA CHAVEZ GONZALEZ
My Notary ID # 132951929
Expires March 3, 2025

451-2022-03803

## ADDENDUM STATEMENT OF FACTS

1. Claimant MARIA DOLORES BUCK (hereinafter referred to as "Claimant") is seeking damages and redress the injuries Claimant suffered as a result of being discriminated, sexually harassed and retaliated against by her employer for reporting her sexual harassment.

2. Claimant is an individual woman who is a resident of Portland in the State of Texas; Claimant is of Mexican descent and has a Latino racial designation.

3. Claimant's email address is: berenicebuck81@icloud.com.

4. Claimant has authorized James Dore, at Justicia Laboral, to act as her attorney on all matters relating to this claim. Please ensure that all correspondence and documents are forwarded to Mr. Dore's attention.

5. At all times material, JET SPECIALTY, INC. (hereinafter referred to as "Jet Specialty") is a domestic limited liability company, duly registered and licensed to do business in the State of Texas.

6. ENRIQUE (last name omitted) (hereinafter referred to as "Enrique") is a supervisor of Jet Specialty.

7. ROBERTO (last name omitted) (hereinafter referred to as "Roberto") is an employee for human resources of Jet Specialty.

8. On or around August 3, 2021, the Claimant was hired by Jet Specialty; Since working there, Claimant suffered a hostile working environment, gender discrimination, and was sexually harassed.

9. On or around October 2021 Enrique would rob his elbow across Claimant in a sexual manner.

10. Claimant complained to Enrique to get him to stop. When Claimant did so he would threaten Claimant telling Claimant that "the owner of the company didn't care" and that even if she complained they "weren't going to do anything, because he was the supervisor and they would believe [him] more than [her]".

11. Whenever possible Enrique would continue to rub his elbow against Claimant's chest and then later on Enrique escalated the sexual harassment and started using his hands and fingers to grab Claimants chest. This continued until March of 2022.

12. Throughout this entire time Enrique would threaten to run Claimant off whenever she complained or threatened to complain. This behavior of Enrique scared and stressed Claimant.

13. Enrique often made comments to Claimant about wanting to see her naked, of wanting to have sex with her and of wanting to touch her breasts.

14. Claimant would refuse Enrique's advances and when she did Enrique would call Claimant "useless". Enrique would then burden Claimant with a lot more work and telling Claimant that she was too old to do the job. Enrique would throw things at Claimant. Other co-workers would also make fun of Claimant as she was the only female in that work area. The mistreatment at Jet Specialty would drive Claimant to cry.

15. In or around April 7, 2022 Enrique suspended Claimant for a work project she was involved in. Enrique threw insults at Claimant and told Claimant that Jet Specialty has great attorneys. Enrique wrote Claimant up and gave her 3 days without pay. After this Claimant couldn't take his treatment of her anymore. The Claimant screamed at Enrique. Enrique told Claimant that she is "doing everything wrong" that she is "an idiot" and has "no value". Many other employees saw this interaction.

16. On that same day Claimant went to human resources and reported everything to Roberto. Roberto told her they would investigate and told her to go home and take Thursday and Friday off. Claimant called Roberto on Thursday and then on Friday Roberto informed Claimant that she was terminated. Roberto informed Claimant that they were not going to help her and told Claimant that she was not essential. Roberto told Claimant that they needed Enrique more than her and that it was because Claimant was a woman and that they did not want her in the company.

17. Jet Specialty unlawfully discriminated against Claimant because of her sex/gender and allowed a hostile work environment where she was sexually harassed and retaliated against for reporting the sexual harassment against her by a supervisor.

18. Jet Specialty created and maintained a hostile work environment for Claimant where she was sexually harassed.

19. As a result of Jet Specialty's actions, Claimant felt humiliated, degraded, victimized, embarrassed and emotionally distressed.

20. As a result of the acts and conduct complained of herein, Claimant has suffered and will continue to suffer emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Claimant has further experienced severe emotional and physical distress.

21. Claimant believes she has been discriminated and retaliated against because of her sex/gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, and any applicable State and federal statutes.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
☐ FEPA
☒ EEOC

Agency(ies) Charge No(s):
**451-2022-03803**

and EEOC

State or local Agency, if any

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

9/30/2022 — *mario d buck*
Date / Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

*mario d buck*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

September 30, 2022



KASEY SAMANTHA CHAVEZ GONZALEZ
My Notary ID # 132951929
Expires March 3, 2025

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/26/2023

**To:** Maria D. Buck
1601 Moore Ave. #2002
Portland, TX 78374

Charge No: 451-2022-03803

EEOC Representative and email:  LIDIA TORRES
Investigator
lidia.torres@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 451-2022-03803.

On behalf of the Commission,

*for*

Norma J. Guzman
Field Director

**Cc:**
Russell D Cawyer
Kelly Hart
201 Main St Ste 2500
Fort Worth, TX 76102

James M Dore
Justicia Laboral LLC
6232 N. Pulaski Rd. Suite 300
Chicago, IL 60646


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 451-2022-03803 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 451-2022-03803 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.